HALSTED and others *v.* STRAUS.

(*Circuit Court, D. New Jersey.* October 5, 1887.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES.
    Under the statute of New Jersey (Revision, p. 36,) declaring void all preferences in assignments for the benefit of creditors, an assignment for the benefit of creditors containing preferences, made in New York by a firm doing business there, is not void against a firm of creditors doing business in New York, one of whose members is a resident of New Jersey.[1]

2. SAME—ATTACHMENT IN ANOTHER STATE.
    Where one made an assignment for the benefit of creditors in New York, the subsequent attachment in New Jersey by a New York creditor of a debt owing to the assignor is not of itself a defense to an action by the assignee for the recovery of the debt.

3. SAME.
    The attachment of a debt in New Jersey by a resident of New York, after the execution in New York, by the owner of the debt, of an assignment for the benefit of creditors, will not prevent the federal courts from entertaining a suit by the assignee for the recovery of the debt.

*McCarter, Williamson & McCarter,* for plaintiffs.
*R. Byington* and *Edward M. Colie,* for defendant.

BRADLEY, Justice. This is an action of *indebitatus assumpsit,* brought by the plaintiffs for the use of their assignee, Lewis May, all citizens of New York, against Straus, a citizen of New Jersey. The defendant pleaded in abatement that, before the bringing of this suit, the debt sued for was attached by writ of attachment issued out of the supreme court of New Jersey, at the suit of certain persons trading under the firm name of Deering, Milliken & Co., (one of whom was a citizen of New Jersey, the others not,) creditors of Halsted, Haines & Co., the plaintiffs in this suit; and that the attachment had gone to judgment by default against the latter, and a *scire facias* against the defendant, to show cause why he should not pay the debt involved in this suit to the said plaintiffs in attachment. The plaintiffs replied that before the execution of said attachment Halsted, Haines & Co., who were doing business in New York, made a general deed of assignment of all their property and assets, both partnership and personal, including the debt now in dispute, to the said Lewis May, in trust for the creditors of said firm of Halsted, Haines & Co., and of the individual members of said firm, in the manner and proportions set forth in said deed, which is fully set out in the replication; that May accepted said trust, and proceeded to execute the same; that the attachment referred to in the plea was issued to recover a debt incurred by Halsted, Haines & Co. in New York, where said firm of Deering, Milliken & Co. transacted business, and that they have never carried on business in New Jersey. It appeared by the deed of assignment set out in the replication that the assignors made preferences in

---

[1] A voluntary general assignment for the benefit of creditors, if valid where made, will be valid to transfer personal property wherever situated, except as it conflicts with the rights of resident creditors. Schuler v. Israel, 27 Fed. Rep. 851.

favor of certain of their creditors. The defendant demurred to this replication on the following grounds:

(1) That the assignment was immaterial; the mere existence of the attachment was sufficient to protect the defendant from paying the debt to Halsted, Haines & Co., or their assignee. (2) That the state court having assumed jurisdiction of the subject-matter, and impounded the debt by attachment, the federal court will not entertain a suit for the same debt. (3) That the deed of assignment, not being for the equal benefit of all the creditors, is void in New Jersey as against Deering, Milliken & Co., one of whose partners was a citizen of New Jersey.

Taking up the last point first, it is true that the statute of New Jersey declares that assignments in trust for the benefit of creditors shall be for their equal benefit, in proportion to their several demands, and that all preferences shall be deemed fraudulent and void. But this law applies only to New Jersey assignments, and not to those made in other states, which affect property or creditors in New Jersey. It has been distinctly held by the courts of New Jersey that a voluntary assignment made by a non-resident debtor, which is valid by the law of the place where made, cannot be impeached in New Jersey, with regard to property situated there, by non-resident debtors. *Bentley* v. *Whittemore*, 19 N. J. Eq. 462; *Moore* v. *Bonnell*, 31 N. J. Law, 90. The execution of foreign assignments in New Jersey will be enforced by its courts as a matter of comity, except when it would injure its own citizens; then it will not. If Deering, Milliken & Co. were a New Jersey firm, they could successfully resist the execution of the assignment in this case. But they are not; they are a New York firm. New York is their business residence and domicile. The mere fact that one of the partners resides in New Jersey cannot alter the case. The New Jersey courts, in carrying out the policy of its statute for the protection of its citizens, by refusing to carry into effect a valid foreign assignment, will be governed by reasonable rules of general jurisprudence; and it seems to me that to refuse validity to the assignment in the present case, would be unreasonable and uncalled for.

As to the first point, that the mere existence of an attachment is a sufficient defense against the payment of a debt, it seems to me that the defendant has confounded things that are different. The attachment of the goods of A., or of a debt due to A. by a creditor of A., of course protects the garnishee from delivering the goods or paying the debt to A. But if they are the goods of B., or the debt sought to be attached is due to B., and not to A., the attachment in such case is no excuse to the garnishee for not delivering to B. his goods, or paying to him his debt. The calling of the goods or debt A.'s, does not make them so, and does not bind B. in the slightest degree. It is an incontrovertible rule of law that no man can take my property on the plea that it belongs to him, or to another against whom he has a process, without being liable to me in an action for its recovery. If a sheriff takes it on execution or attachment against another, I may sue him in trespass or trover. Where there can be no actual taking, as the attachment or sequestration of a debt,

my position is not changed by service of the writ. I cannot, indeed, sue the officer, for he has taken nothing belonging to me; but neither can he prevent me from suing my debtor. It is the latter's lookout to see that he does not have to pay the debt twice.

And, as bearing on the second point, such a suit may be brought in a United States court as well as a state court, except when the suit is brought for goods in the hands of a state officer. In such a case, to prevent an unseemly conflict, the federal courts will not entertain jurisdiction; nor, for the same reason, will the state courts entertain jurisdiction of a suit for goods in the hands of a United States officer.

As to an attachment being a proceeding *in rem*, it is only such in a modified sense. A personal judgment cannot be obtained, but only a judgment that will affect the thing attached. Also, when goods are attached, they may be held by the officer to await the result of the litigation; and when debts and credits are attached, the debtor cannot pay them to the person who is defendant in attachment at the time the attachment is levied. In these respects, the proceeding is a proceeding *in rem*. But there is nothing in the nature of an attachment to prevent a man, who has nothing to with it, from recovering his goods or collecting his debts against any person who is liable to him for them.

Judgment will be entered for the plaintiffs.